UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HAYES PERRY,

    Plaintiff,

v.

    Case No. 1:11-CV-1103

    HON. GORDON J. QUIST

MARK KELLEY, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

On February 8, 2013, Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation (R & R) (docket no. 57) recommending that this Court grant Defendant Spitters's Motion to Dismiss pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b)(6) (docket no. 34) and Defendant Kelley's Motion for Summary Judgment (docket no. 50). Plaintiff has filed a timely Objection to the R & R (docket no. 58). When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part. The Court will adopt the R & R with respect to Kelley's Motion for Summary Judgment, and grant summary judgment. The Court will give Plaintiff fourteen (14) days to respond to Spitters's Motion to Dismiss.

### I. BACKGROUND

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has alleged that Defendants Kelley and Spitters violated Plaintiff's Eighth Amendment

right to be free of cruel and unusual punishment by denying him a bottom bunk detail, and Kelley violated Plaintiff's First Amendment right by retaliating against Plaintiff for filing of a grievance against Kelley.

## II. DISCUSSION

### A.   *Spitters's Motion to Dismiss*

Plaintiff's first objection is that he was not served with Spitters's Motion to Dismiss (docket no. 34), which may explain why the motion was unopposed, despite Plaintiff's active involvement in this case. Although counsel for Spitters has certified that he served the motion on non-ECF participants, Plaintiff claims he was not served. Therefore, the Court will allow Plaintiff fourteen (14) days to respond to Spitters's Motion to Dismiss.

### B.   *Eighth Amendment Claim Against Kelley*

Plaintiff next objects to the magistrate judge's recommendation that this Court grant summary judgment in favor of Kelley on Plaintiff's Eighth Amendment claim. However, in his Objection, Plaintiff merely restates his prior allegations and provides no proof that Kelley prevented Plaintiff from obtaining a bottom bunk detail. The Court concludes, as did the magistrate judge, that Plaintiff has failed to satisfy either the objective or subjective components of an Eighth Amendment claim for failure to provide adequate medical care.

### C.   *First Amendment Retaliation Claim Against Kelley*

Finally, Plaintiff objects to the magistrate judge's recommendation that this Court grant summary judgment in favor of Kelley on Plaintiff's First Amendment retaliation claim. The magistrate judge found "no evidence that [P]laintiff engaged in protected conduct" because Plaintiff has not produced proof that he filed a grievance against Kelley prior to the alleged retaliatory action on February 20, 2009. The magistrate judge also observed that Kelley, in his Declaration, stated that

he had no knowledge of any grievance against him by Plaintiff. (*See* R & R, Docket no. 57, Page ID 665–66; Kelley Decl., Pl.'s Mot. For Summ. J., Docket no. 51, Page ID 591.)

In his Objection, Plaintiff first responds that a copy of an email from hearing investigator Barb Brinkman to Muskegon Correctional Facility grievance coordinator Matt Brevard proves the existence of Plaintiff's grievance against Kelley filed on February 19, 2009. (*See* Pl.'s Mot. for Leave to Amend, Ex. 3B, Docket no. 12, Page ID 123.) However, the email does not demonstrate that Plaintiff filed a grievance against Kelley for failure to issue a bottom bunk detail. The email merely evidences that Brinkman made an inquiry into whether Plaintiff had filed a grievance. Plaintiff has failed to submit evidence that Brevard ever answered Brinkman in the affirmative. Rather, in a subsequent memorandum from Deputy Warden Singleton to Plaintiff, Singleton stated: "Your other claim that you had submitted grievances on RN Kelley and Hearing Investigator Brinkman which were not responded to was investigated as well. Those grievances have not been received by Grievance Coordinator Brevard as of April 6, 2009." (*Id.* at 124.) Therefore, Plaintiff's evidence is insufficient to demonstrate that Plaintiff filed a grievance against Kelley prior to February 20, 2009.

Plaintiff also responds that his Step I grievance form submitted with his Amended Complaint demonstrates that he submitted a grievance against Kelley. (*Id.* at Ex. B, Page ID 106.) This is the same form that was before the magistrate judge. In the R & R, the magistrate judge stated that the grievance form has no date stamp, grievance identification number, or other indication that it was actually filed or received by MDOC. After careful review, the Court agrees. Based on the record, after drawing all reasonable inferences in favor of the nonmoving party, *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000), Plaintiff has failed to produce sufficient evidence on which the jury could reasonably find for Plaintiff. *See id.*

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 57) is **ADOPTED IN PART** as the opinion of this Court. It is adopted with respect to Kelley's Motion for Summary Judgment (docket no. 50).

**IT IS FURTHER ORDERED** that Defendant Kelley's Motion for Summary Judgment (docket no. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of this Order and a copy of Defendant Spitters's Motion to Dismiss and supporting exhibits (docket nos. 34 & 35).

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days** to respond to Spitters's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Report and Recommendation (docket no. 213) is **OVERRULED** in part with respect to Defendant Kelley's Motion for Summary Judgment.


Dated: March 8, 2013                             /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE